UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| DEXTER RAMONE TEAGUE, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 3:17 CV 255 |
| DOCTOR TIEMAN, DOCTOR JOHN DOE, NURSE LYNN H., NURSE JEFF, NURSE ALICE, and NURSE LATOYA, | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Dexter Ramone Teague, a *pro se* prisoner, filed a complaint against six defendants alleging that he was denied medical treatment while he was housed at the St. Joseph County Jail. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint.

One of Teague's six defendants is John Doe. However, "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Therefore John Doe will be dismissed. If Teague is able to provide facts regarding the

actual identity of this "John Doe," he may attempt to bring a claim against this individual in his amended complaint (see below).

Teague is suing Dr. Tieman, but he only mentions him once in the complaint. He alleges that "[f]or 10 months I made petition to the nurses Jeff, Alice, and LaToya, Lynn and both doctors Tieman and John Doe." Teague says that he was seen several times by a doctor or doctors, but he does not mention ever being seen or examined by Dr. Tieman. Though he alleges that the nurses passed information to a doctor or doctors, he does not specifically allege that Dr. Tieman was told anything. Nor does he allege what Dr. Tieman specifically knew about his condition or how Dr. Tieman was involved in his treatment. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). This complaint does not contain any facts from which it can be reasonably inferred that Dr. Tieman was deliberately indifferent to Teague's serious medical needs.

Teague alleges that when Nurse Jeff performed his intake exam at the jail, he told Nurse Jeff that he had rheumatoid arthritis and was assured that he would continue to receive his medications for that condition. The complaint makes clear that Teague did get those medications. When Teague later told Nurse Jeff that he had begun to experience serious pain, Nurse Jeff scheduled him to see the doctor. "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he

2

must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). Nothing in these allegations indicate that Nurse Jeff was acting outside the scope of his professional judgment.

Teague alleges that, later on, he told Nurse Jeff, Nurse Alice, and Nurse Lynn H. that his medications for rheumatoid arthritis were not working. In response he alleges they told a doctor or doctors about his concerns. It is clear that Teague wanted his medications changed and that the nurses did not change them. Nevertheless, Teague has not alleged any facts from which it can be plausibly inferred that they had the authority to do so. It was not deliberately indifferent for them to have communicated his concerns to a doctor or doctors while still continuing his prescribed treatment. Still later, he told Nurse Alice, Nurse LaToya, and Nurse Lynn that he was in pain. He alleges they told a doctor who recommended a medication he did not want. His disagreement was with the doctor, not the nurses. It was not deliberately indifferent for them to have passed his concerns to the doctor and relayed back what the doctor said. Finally, he alleges that Nurse Lynn told him that if his attorney wanted copies of his medical records, he needed to request them from the medical office and pay for them. This did not deny Teague medical treatment and there is no basis for finding that these allegations state a claim.

3

This complaint does not state a claim. However, Teague may file an amended complaint if he has additional facts to add. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). Teague must provide some additional facts in order to state a claim against Dr. Tieman or against some other doctor. For instance, if Teague was seen by Dr. Tieman or if Dr. Tieman was notified by the nurses about his condition, he may be able to provide facts which show that Dr. Tieman's response was outside the scope of his professional judgment. If his amended complaint contains facts about his interactions with Dr. Tieman—not guesses, speculation, or legal conclusions—he might state a claim. If Teague has such facts, he can obtain a copy of this court's approved complaint form—Prisoner Complaint (INND Rev. 8/16)—from the prison law library.

For these reasons, the court:

(1) **DISMISSES** John Doe;

(2) **GRANTS** Dexter Ramone Teague until **June 7, 2017**, to file an amended complaint; and

(3) **CAUTIONS** Dexter Ramone Teague that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A for failure to state a claim.

**SO ORDERED.**

Date: April 26, 2017

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT