UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEXTER RAMONE TEAGUE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 3:17-CV-255 ) |
| JAMES TIEMAN, CHRIS HALL, and LYNN H., | ) ) ) ) |
| Defendants. | ) |

## **OPINION AND ORDER**

Dexter Ramone Teague, a prisoner without a lawyer, filed an amended complaint naming three defendants. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, the court must review prisoner complaints pursuant to 28 U.S.C. § 1915A.

Mr. Teague alleges that he had rheumatoid/inflammatory arthritis that was being treated with mehotrexate and prednisone before he entered the St. Joseph County Jail. During his meeting with Dr. Chris Hall on August 15, 2015, he explained that he was in pain and that his specialist was in the process of adjusting his medication when he was arrested. Dr. Hall told him that he was unqualified to adjust his medication, but agreed to contact his specialist. Mr. Teague remained in pain without further contact from Dr. Hall. In November 2015, Mr. Teague was seen by Dr. James Tieman who also told him that he was

unqualified to adjust his medications and that his specialist would not see him in jail. Nevertheless, Dr. Tieman ordered that his medications be adjusted. On January 2, 2016, he made further adjustments to his medication. In April 2016, Dr. Tieman reinstated medication he had discontinued. Mr. Teague alleges that he remained in pain throughout his stay at the jail and that neither doctor would provide him with needed medical treatment nor refer him to a doctor who would.

"Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir.1997). A "disagreement with medical professionals [does not] state a cognizable Eighth Amendment Claim under the deliberate indifference standard of Estelle v. Gamble [429 U.S. 97 (1976)]." Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003). "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). "Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations." Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996). Mr. Teague has stated a claim against both Dr. Hall and Dr. Tieman because he has alleged that after explaining that they weren't qualified to adjust his medications and treat

his pain they both refused to refer him to a doctor who was qualified and Dr. Tieman adjusted his medication anyway.

Mr. Teague also makes several allegations about Head Nurse Lynn H. that don't state a claim. He alleges that she wouldn't give his medical records to his criminal defense attorney without a signed release from Mr. Teague, payment, and a request from the attorney. Those preconditions for the release of his medical records didn't deny Mr. Teague medical treatment or violate his constitutional rights. He also alleges that he was charged for medical care. The constitution doesn't require free medical care, Poole v. Isaacs. 703 F.3d 1024, 1027 (7th Cir. 2012). Finally, he alleges that he argued with Head Nurse Lynn H. about the medication prescribed by the doctors and their refusal to see him more frequently. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). Head Nurse Lynn H. isn't alleged to have prescribed his medication nor to have prevented him from seeing the doctors. She isn't financially liable to him just because he argued with her about his dissatisfaction with the doctors' decisions.

For these reasons, the court:

(1) GRANTS Dexter Ramone Teague leave to proceed against Dr. Chris Hall and Dr. James Tieman in their individual capacities for denying him adequate medical treatment for his pain while he was housed in the St. Joseph County Jail from August 2015 to June 2016 in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Lynn H.;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Dr. Chris Hall and Dr. James Tieman with a copy of this order and the amended complaint (ECF 10) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Chris Hall and Dr. James Tieman respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: August 2, 2017.

       /s/ Robert L. Miller, Jr.
      Judge
      United States District Court