UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| DEXTER RAMONE TEAGUE, | |
|---|---|
| Plaintiff, | |
| v. | CAUSE NO.: 3:17-CV-255-RLM-MGG |
| JAMES TIEMAN, et al., | |
| Defendants. | |

OPINION AND ORDER

On August 24, 2018, this case was referred to Magistrate Judge Michael G. Gotsch, Sr., pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72-1(b); for a hearing as required by Pavey v. Conley, 544 F.3d 739 (7th Cir. 2008) to resolve whether Dexter Ramone Teague, a prisoner without a lawyer, tried, but was prevented from, utilizing the grievance system because it was made unavailable to him. ECF 67. After discovery, the *Pavey* hearing was held on June 20, 2019. ECF 83. Magistrate Judge Gotsch issued his report and recommendation on July 8. ECF 84. He found that the St. Joseph County Jail maintained a grievance system that allowed Mr. Teague to submit grievances about the quality of his medical treatment and that Mr. Teague didn't submit grievances about the quality of his medical treatment in November 2015, December 2015, or April 2016. *Id.* Judge Gotsch recommended this case be dismissed without prejudice because Mr. Teague didn't exhaust administrative remedies before filing this lawsuit as required by 42 U.S.C. § 1997e(a). *Id.* An electronic copy of the report

and recommendation was served on defense counsel by CM/ECF on July 8; a paper copy of the report and recommendation was served on Mr. Teague on July 15. ECF 85.

Neither party has filed an objection to the report and recommendation. The court's review of a Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Under Federal Rule of Civil Procedure 72(b), the court must only make a de novo determination of those portions of the Magistrate Judge's report and recommendation to which specific written objections have been made. Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the court reviews those unobjected portions for clear error. _Id._ Failure to file objections with the district court "waives the right to appeal all issues addressed in the recommendation, both factual and legal." _Id._ Under the clear error standard, the court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997).

Both 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) require the parties to file objections to a report and recommendation within fourteen days of being

2

served with a copy of the report, and the Magistrate Judge alerted the parties to these requirements in his report. ECF 84. More than fourteen days have passed since the parties were served with Magistrate Judge Gotsch's report and recommendation and no party has filed an objection. Consequently, the court considers there to be no objections to it.

Finding no clear error in that report and recommendation (ECF 84), the court ADOPTS it in its entirety and incorporates Magistrate Judge Gotsch's recommendations into this Order. The Court DISMISSES this case WITHOUT PREJUDICE because Mr. Teague didn't exhaust administrative remedies before filing this lawsuit as required by 42 U.S.C. § 1997e(a).

SO ORDERED on August 15, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT